But for one exception, I concur. The exception results from a factual distinction between the claims against Fireman's Fund and the claims against the other defendants.
On March 25, 1982, Fireman's Fund wrote and sent Sepco a letter which stated:
 "The results of the air sampling survey indicated no personal over-exposures to asbestos, nuisance dust and solvent vapors. Since the standards for these substances were not exceeded, and are not likely to be exceeded with your present method of operations and the degree of protection provided, additional controls on your part are not required. We do suggest that you continue your medical monitoring program presently established for all your employees in the braiding department operations." (Emphasis added.)
The record contains substantial evidence that contradicts the statements in this lulling letter that exposure standards were not exceeded and likely would not be exceeded and that "additional controls on your part are not required." This letter is substantial evidence that Fireman's Fund actively participated in the bad safety management at Sepco which injured the plaintiffs.
While the disclaimer in the Fireman's Fund insurance policy would be effective to avoid liability in Fireman's Fund for merely conducting inspections and making its own underwriting decisions, the disclaimer is not effective to avoid liability in Fireman's Fund for actively participating in the perpetuation of safety hazards. The lulling letter by Fireman's Fund was, in the words of Restatement (Second) of Torts § 324A (1965) as quoted in Beasley v. MacDonald Engineering Co.,287 Ala. 189, 249 So.2d 844 (1971), an *Page 773 
"undertak[ing], gratuitous or for consideration, to render [safety management] services to [Sepco] which [Fireman's Fund] should [have] recognize[d] as necessary for the protection of [those working at Sepco]." The record contains substantial evidence of the existence of all three of the § 324A disjunctive conditions for liability in Fireman's Fund:
 "(a) [its] failure to exercise reasonable care increase[d] the risk of such harm, or
 "(b) [it undertook] to perform a duty owed by [Sepco] to the [workers], or
 "(c) the harm [was] suffered because of reliance of [Sepco] or the [workers] upon the undertaking."
287 Ala. at 193, 249 So.2d at 847 (emphasis added).
Therefore, I respectfully submit that we should affirm the trial court in its denial of the motion for summary judgment filed by Fireman's Fund. I concur in our reversing the denial of the other defendants' motions for summary judgment and rendering judgments for those defendants.